**SPOKANE COUNTY, Appellant,**

v.

**AIR BASE HOUSING, INC., Appellee.**

No. 16235.

United States Court of Appeals
Ninth Circuit.
May 28, 1962.

John J. Lally and Donald N. Olson, Spokane, Wash., for appellant.

J. K. Cheadle and T. David Gnagey, Spokane, Wash., Louis F. Oberdorfer, Asst. Atty. Gen., H. Eugene Heine, Jr., Sp. Asst. Atty. Gen., Lee A. Jackson, Myron C. Baum, John J. Crown, Attys., Dept. of Justice, Washington, D. C., and Dale M. Green, U. S. Atty., Spokane, Wash., for appellee.

Before STEPHENS, POPE and HAMLIN, Circuit Judges.

POPE, Circuit Judge.

The controversy which led to the judgment here under review arose in a condemnation proceeding in the court below. The United States was seeking condemnation of the right, title and interest

of appellee Air Base Housing, Inc. under certain so-called "Wherry Act Leaseholds" upon certain tracts within the boundaries of the Fairchild Air Force Base in Spokane County, Washington. With its Declaration of Taking, the United States deposited the sum of $200,000 as the estimated amount required as just compensation for the taking. Spokane County filed with the court a verified statement reciting that it had assessed and levied taxes against the property sought to be taken in the condemnation proceedings, which created liens thereon, and asking that any award made for the property be applied to the payment of the liens for such taxes, the amounts of which were set out. They were stated to total $135,120.79. Air Base Housing, Inc. then filed a petition asking rejection of the County's claim.

This petition for rejection of the County's claim was based upon the provisions of § 511 of the Housing Act of 1956, which, in the manner hereafter mentioned, placed certain limitations upon the amount of State or local taxes which might be levied or assessed against the interest of a holder of a Wherry Act leasehold. Such leaseholds, authorized under the Military Leasing Act of 1947, (61 Stat. 774–776), and the Wherry Military Housing Act of 1949, (63 Stat. 570, 576), 12 U.S.C.A. § 1748 et seq., which added Title VIII to the National Housing Act, were held subject to State and local taxation in Offutt Housing Co. v. Sarpy County, 351 U.S. 253, 76 S.Ct. 814, 100 L.Ed. 1151, decided May 28, 1956.

Air Base Housing, Inc., obtained its Wherry Act leases in 1950 and 1951, and thereafter constructed housing thereon, financing the same through insured mortgages as provided for in Title VIII. Through 1955, Spokane County assessed these leaseholds upon a certain basis, (which is not shown in the record). But after the decision in the Offutt case, supra, and on June 12, 1956, the County Assessor made an assessment based upon the full value of the buildings and improvements. In October, 1956, as required by statute, the Spokane County Commissioners, on the basis of this assessment, made a tax levy for taxes payable in 1957, amounting to $83,796.19. Air Base Housing, Inc. paid $39,751.85 of this sum under protest in April, 1957. Its suit in the state courts to recover that amount was unsuccessful, and the judgment of the superior court dismissing the action was affirmed by the Washington Supreme Court on August 25, 1960, (Air Base Housing, Inc. v. Spokane County, 56 Wash.2d 642, 354 P.2d 903), which was after this appeal had been argued in this court.

In the year 1957, in assessing for taxes payable in 1958, the assessor made a similar assessment, and in October 1957, the County Commissioners made a levy for taxes payable in 1958 amounting to $90,894.22.

In resisting payment of the sums claimed by Spokane County in the court below Air Base Housing, Inc. asserted that these tax levies were invalid by reason of the provisions of § 511 of the Housing Act of 1956, (70 Stat. 1110) approved August 7, 1956.[1] It was shown that the designee of the Secretary of Defense had determined that the payments

1. "Sec. 511. Section 408 of the Housing Amendments of 1955 is amended by adding at the end thereof the following: 'Nothing contained in the provisions of title VIII of the National Housing Act in effect prior to August 11, 1955, or any related provision of law, shall be construed to exempt from State or local taxes or assessments the interest of a lessee from the Federal Government in or with respect to any property covered by a mortgage insured under such provisions of title VIII: Provided, That, no such taxes or assessments (not paid or encumbering such property or interest prior to June 15, 1956) on the interest of such lessee shall exceed the amount of taxes or assessments on other similar property of similar value, less such amount as the Secretary of Defense or his designee determines to be equal to (1) any payments made by the Federal Government to the local taxing or other public agencies involved with respect to such property, plus (2) such amount as may be appropriate for any expenditures made by the Federal Government or the lessee for the provision or

and expenditures of the federal government for the purposes mentioned in § 511, and required to be deducted from the taxes above mentioned for the years 1957 and 1958, exceeded the levies for those years. Spokane County contended that the taxes for, and payable in 1957, were not subject to the deductions for these federal expenditures, since the assessment made on June 12, 1956, resulted in the taxes for 1957 "encumbering such property or interest prior to June 15, 1956."

The trial judge, relying on Puget Sound Power & Light Co. v. Cowlitz County, 38 Wash.2d 907, 234 P.2d 506, held that these taxes "could not have become a valid or effective lien * * * until the tax levy was made * * * in October, 1956." It followed, he held, that the lien arose after the effective date (June 15, 1956) of the provisos of § 511; hence the taxes claimed by the County were invalid and the County's claim was "rejected in its entirety". The court inserted in its judgment the finding that there was "no just reason for delay" and this appeal was filed.

After the case had been argued here this court learned that Air Base Housing, Inc. v. Spokane County, supra, was pending in the Washington Supreme Court and involving the same question presented in the court below. Accordingly we ordered submission of this case suspended awaiting that decision. When it came down it overruled the decision in Puget Sound Power & Light Co. v. Cowlitz County, supra, upon which the court below based its decision holding both the 1957 and 1958 taxes invalid. Since the Washington Supreme Court there held that the 1957 taxes became a lien as of the date of the assessment

on June 12, 1956, we filed an opinion dated September 19, 1960, reversing the decision as to the 1957 taxes. When it was called to our attention that our judgment failed to deal with the 1958 taxes, we vacated and withdrew that decision on October 7, 1960. On October 10, 1960, the Supreme Court granted certiorari directed to this court granting review of this court's decision in Moses Lake Homes, Inc. v. Grant County, 9 Cir., 276 F.2d 836, limiting the review to the question, "May a state tax which discriminates against persons holding leaseholds from the United States be enforced in a United States court against a deposit of estimated compensation in a condemnation of such leasehold?" 364 U.S. 814, 81 S.Ct. 59, 5 L.Ed.2d 45. Because of the possibility of the Supreme Court's decision in that case having a bearing upon this one we withheld further decision awaiting the opinion in the Moses Lake case. When that case was decided on April 17, 1961, Moses Lake Homes, Inc. v. Grant County, 365 U.S. 744, 81 S.Ct. 870, 6 L.Ed.2d 66, the parties herein addressed communications to this court, appellee affirming and appellant denying that such case was a controlling authority here. We requested the parties to brief this question, to which we now address ourselves.

From what has here been said it is apparent that apart from any consideration of the decision in the Moses Lake Homes case, the decision of the Washington court in Air Base Housing, Inc. v. Spokane County, supra, would require a reversal of the court below so far as the 1957 taxes are concerned; they would have to be held valid because their lien preceded the effective date of the provisos in § 511, supra. Appellee argues that

maintenance of streets, sidewalks, curbs, gutters, sewers, lighting, snow removal or any other services or facilities which are customarily provided by the State, county, city, or other local taxing authority with respect to such other similar property: And provided further, That the provisions of this section shall not apply to properties leased pursuant to the provisions of section 805 of the Na-

tional Housing Act as amended on or after August 11, 1955, which properties shall be exempt from State or local taxes or assessments."

See Footnote under § 1594 of Title 42 U.S.C.A.

It appears that this enactment was prompted by the decision in the Offutt case, supra.

upon the record in this case it may be demonstrated that these 1957 taxes are invalid because they are discriminatory against the appellee in precisely the same manner in which the taxes in the Moses Lake Homes case were discriminatory and void. Appellant asserts that this contention may not be urged here since this point was not presented or decided in the trial court. Appellee argues that the judgment may be affirmed upon a ground differing from that relied upon by the trial court. Reliance is upon the statement in Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224: "In the review of judicial proceedings the rule is settled that if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason."

For this reason appellee argues that Moses Lake Homes v. Grant County, supra, requires a holding that the 1957 tax here in question was void because the valuation of the leasehold which produced that tax was pursuant to a construction of the Washington tax laws which operated to discriminate against the holders of the Wherry Act leaseholds as compared with the holders of other similar leaseholds. Thus it is said that this discrimination renders the tax based upon an assessment of the property at "the full value of the buildings and improvements" invalid for discrimination against the Government or those with whom it deals. Appellee contends that if we apply the rule laid down in the Moses Lake Homes v. Grant County case, the result reached by the district court must be approved here even though it be for a different reason than that assigned by the trial judge.

■ The rule above quoted from Helvering v. Gowran, supra, is one generally recognized and one which has been often approved and restated in this court.[2] Of course this rule relates to *affirmance* on new grounds or grounds not relied

upon in the trial court. There is no such general rule authorizing an appellate court to *reverse* on grounds other than those urged in the trial court.

■ We are satisfied therefore that if the record here is sufficient to warrant the application of the Moses Lake Homes rule concerning discrimination to the case before us, then we ought to affirm on that ground. As stated in United States v. O'Connor, 2 Cir., 237 F.2d 466, 471, "We think that we are required to apply the latest rules of law formulated by the Supreme Court to all cases coming before us in which those rules are relevant, irrespective of the relative dates of trial."

In First National Bank in Wichita v. Luther, 10 Cir., 217 F.2d 262, 266, the court said: " * * * The issue on appeal is the correctness in ultimate effect of an order or judgment, not the reason or reasons given therefor by the trial court. And if an order or judgment is sustainable upon any legal basis, it will be upheld on appeal despite the erroneous or untenable reasons given by the trial court or lower tribunal for its entry."

■ And if in truth and in fact the Moses Lake Homes case demonstrates that the method of assessing and taxing the appellee's leaseholds operated to make the tax discriminatory and hence void, we would seem to reach an ironic result if we were to dispose of the case by holding the 1957 tax valid and collectible merely because we decline to accept the Moses Lake decision as controlling on account of the failure of the parties to raise the question of discrimination before the trial court. In Smith Engineering Co. v. Rice, 9 Cir., 102 F.2d 492, 499, we said: "We see no reason why we should make what we think would be an erroneous decision, because the applicable law was not insisted upon by one of the parties."

One difference between the record in this case and that in the Moses Lake Homes case must be noted. In the latter

2 McCloskey v. Pacific Coast Co., 9 Cir., 160 F. 794, 801, 22 L.R.A.,N.S., 673; Kam Koon Wan v. E. E. Black, Limited, 9 Cir., 188 F.2d 558, 563; Yanish v. Barber, 9 Cir., 232 F.2d 939, 947; Factor v. C. I. R., 9 Cir., 281 F.2d 100, 110.

case the district court found that Washington's "taxes and assessments on Wherry housing [leaseholds] are \* \* \* levied upon a basis different and higher than [other leaseholds]". (365 U.S. 748, 81 S.Ct. 872) On appeal this court approved that finding, (276 F.2d 847). Here, of course, because the point relating to discrimination was not raised in the district court, there is no finding such as that just referred to.

However, in the Moses Lake Homes case, the Supreme Court used language which seems to indicate that it was the view of that Court that a mere comparison of the provisions of the Washington statutes relating to the manner of assessment of leaseholds generally with the mode of assessment actually applied to this Wherry Act leaseholder demonstrated the existence of such discrimination. The Court said (365 U.S. p. 749, 81 S.Ct. p. 873): "In addition to the weight properly to be accorded to the conclusions of the two courts below that Washington imposes a higher tax on Wherry Act leaseholds than on other similar leaseholds, it is eminently clear that this is so. Section 84.40.030 of the Revised Code of Washington provides that all property shall be assessed at 50 percent of its fair value, and that 'Taxable leasehold estates shall be valued at such price as they would bring at a fair, voluntary sale for cash.' Consonant with that statute, the Washington Supreme Court has consistently held, save as to Wherry Act leaseholds, that all leaseholds, including leaseholds on the State's own tax-exempt lands, are to be valued for tax purposes on the basis of their fair market value, considering their burdens as well as their benefits. (Citing Washington cases.) \* \* \* In the first of those cases [Metropolitan Building Co. v. King County], 62 Wash. 409, 113 P. 1114, the Court held that the leasehold should not be assessed at a 'speculative'. value, but at its 'actual \* \* \* value in money \* \* \*,' and that it was error to assess it at the value of the improvements. In the two later Metropolitan cases (64 Wash. 615, 117 P. 495; 72 Wash. 47, 129 P. 883),

the court emphasized that, in determining the fair market value of the leasehold, consideration must be given to its burdens, including mortgages upon it, as well as to its benefits."

This same comparison we may make here where the Wherry Act leaseholds have been assessed at the value of the improvements rather than on the fair market value of the leasehold giving consideration to both burdens and benefits thereof. The record here does show that these leaseholds were subject to mortgages. The probabilities of course are that the mortgages secured large loans which may well have approached the cost of constructing the improvements; and as the mortgages had run for no more than approximately seven years the amounts owed thereunder were probably still very substantial.

The record shows also that before the assessor tried his new mode of assessment in 1956, these leaseholds were assessed at a much lower amount, probably by application of the system of valuation called for with respect to all leasehold estates. Following the suggestion made in the Moses Lake Homes case that a mere comparison of the general statute relating to such assessments with the mode of assessment actually used by the assessor shows discrimination, it would appear that on the face of this record there is substantial basis for affirmance of the decision of the trial court on that ground.

The appellant asserts that the language last above quoted from the Supreme Court's decision in Moses Lake Homes was not necessary to the decision in that case and constituted mere dictum. Says the appellant: "It is impossible to know whether the assessed valuation using that [statutory] method would have been higher or lower than the assessed valuation placed on the books of the assessor. In the absence of such knowledge, it cannot be said that the assessment was discriminatory."

This statement by appellant is not without force; but we think that it does

no more than suggest the propriety of making provision in our judgment that would permit the appellant upon remand of this case to have an opportunity to present additional facts, if they are available, bearing upon this new ground for affirmance. Such an opportunity was given by the Supreme Court in the case of Helvering v. Gowran, supra, where the concluding paragraph of the opinion was as follows: (302 U.S. p. 247, 58 S.Ct. p. 158) "If the Court of Appeals had accepted the theory, it would have been open to the taxpayer to urge, in view of the new issue presented, that he should have the opportunity to establish before the Board additional facts which would affect the result. As we accept the new theory, leave is granted Gowran to apply to the lower court for that purpose."

 This privilege of an appellant was noted in Dejay Stores v. Ryan, 2 Cir., 229 F.2d 867, 871, where, in meeting an objection that an appellate court cannot base its decision upon a point not raised below, the court said: "The first objection is clearly unsound, for it is abundantly settled that an appellee may support the judgment by any reasoning from facts disclosed in the record, no matter when the objection is raised, *although the appellant must of course have an opportunity to answer.*" (Emphasis added).

The same view was expressed in Rhodes v. Commissioner, 4 Cir., 111 F. 2d 53, 57. The court, citing Helvering v. Gowran, supra, stated: "It is to be noted that, in the interests of fairness and justice, the rule here under consideration is subject to one important qualification, and that is, that if the new issue or theory advanced in tthe appellate court to support the decision of the lower court involves any new question of fact, the case should be sent back to the lower court so that the adverse party may have the opportunity to establish any facts which might affect the result."

In this case there is one special circumstance which particularly calls for an application of the decision in the Moses Lake Homes case. In the latter case the Court for the first time held the system of assessment of taxes upon Wherry Act leaseholds adopted by the assessing officers in the State of Washington was void because of the discrimination involved. This decision was handed down after the appeal had been taken in the case before us and hence at the trial in the court below the appellee had no opportunity to cite or rely upon that case. Under similar circumstances, the Supreme Court has noted that there is an especially strong reason for permitting a party to urge upon appeal a point not raised in the court below where that point was developed for the first time in a controlling decision handed down after hearing in the trial court. In Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037, the Supreme Court was reviewing a decision of a court of appeals, Helvering v. Hormel, 8 Cir., 111 F.2d 1, which the latter court expressly recognized to be an exceptional one. It *reversed* a decision of the Board of Tax Appeals upon a ground which had not been urged or presented before the Board. The Court of Appeals, citing Helvering v. Gowran, supra, and contrasting it with other cases involving an attempted reversal on grounds not urged in the trial court, noted that the case before it was exceptional in that the new ground now relied upon for reversal had first been given the Supreme Court's approval in the case of Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, which had been decided and announced subsequent to the proceedings in the Board of Tax Appeals. The Court of Appeals said, (111 F.2d p. 6): "The Board could not, of course, have been expected to anticipate the decision of the Supreme Court in Helvering v. Clifford, supra. But, because of that decision, we are now advised that the Commissioner was right in determining a deficiency, although the reason given by him for his determination was wrong. We regard the decision of the Supreme Court—rendered after the filing of the opinion and order of the Board—as a matter bearing directly upon the right disposition of this

case, and as having created a changed situation which it is our duty to recognize."

Upon review in the Supreme Court the Court of Appeals was affirmed. The Supreme Court said (312 U.S. p. 557, 61 S.Ct. p. 721): "Rules of practice and procedure are devised to promote the ends of justice, not to defeat them. A rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with this policy. Orderly rules of procedure do not require sacrifice of the rules of fundamental justice." And at page 559, 61 S.Ct. at page 722, it is said: "At the time the Board of Tax Appeals made its decision in this case, we had not yet handed down our opinion in Helvering v. Clifford, 309 U.S. 331 [60 S.Ct. 554, 84 L.Ed. 788], in which we held that under § 22(a) the income of certain trusts was taxable to respondent. The Circuit Court of Appeals was of opinion that there were no controlling distinctions between the trusts created by petitioner in this case and those created by Clifford "

Similarly, in this case at the time the district court rendered its decision, the Moses Lake Homes case had not been decided by the Supreme Court, and neither the trial court nor the parties are shown to have had any reason to anticipate that decision. If on remand by this court to the court below the appellant can demonstrate that as a matter of fact the tax here in issue was not substantially discriminatory against the ap-

pellee, then the trial court will be at liberty to hold the 1957 tax to be valid for the reasons set forth in Air Base Housing, Inc. v. Spokane County, supra. If, on the other hand, the apparent discrimination which we have heretofore mentioned is found to be actual and substantial, then the trial court will hold the 1957 tax to be void and uncollectible for the reasons stated in the Moses Lake Homes case, supra.[3]

This disposition of the matter we think will resolve all possible question or doubt as to the fact situation and will assure proper application to the facts of the case of the controlling decision in the Moses Lake Homes case.

■ The judgment of the district court is vacated in so far as it relates to the 1957 taxes, and the cause is remanded for the purpose of permitting the parties to introduce evidence, should they so desire, with respect to the question whether the 1957 tax was in fact a discrimination against the appellee. If the court, upon the basis of such further hearing, shall find a substantial discrimination was effected by such assessment and levy of the 1957 tax, the court shall adjudge and hold such tax to be invalid and uncollectible and enter its judgment with respect to the distribution of the deposited funds accordingly. Should the court find no substantial discrimination in fact, it shall then hold the 1957 tax to be a valid claim against the deposited funds. Since no question exists with respect to the correctness of the court's original determination that the 1958 taxes are invalid and uncollectible, that portion of the court's judgment is affirmed.

Remanded.

3. For another decision ordering consideration of a rule newly announced after decision in the lower court, with provision for remand for production of evidence bearing on that rule, see Poyner et al. v. Commissioner, 4 Cir., 301 F.2d 287 (March 21, 1962). That court said: "The stipulations were made before Duberstein and covered only the criteria which had up to that time been formulated and treated by the Tax Court and this circuit as decisive. It would be un-

fair now to allow findings to stand, which are adverse to the taxpayer because of her silence on matters never deemed pertinent in earlier litigation. While, as we have indicated, it is perfectly proper for the court to broaden the field of inquiry beyond that previously established, this should not be done without affording an opportunity to the taxpayer, and to the Government as well, to amplify the record."