948 F.2d 1293
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul A. REDD, Jr., Petitioner,
v.
Robert BORG, Respondent.
 No. 90-15816.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 16, 1991.
Decided Nov. 22, 1991.
As Amended on Denial of Rehearing and Rehearing En Banc
March 9, 1992.
 
 1
 Before CHOY and SNEED, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner appeals the district court's dismissal of his petition for writ of habeas corpus. In his petition, the petitioner claimed that the state trial court erred in admitting into evidence a statement by petitioner which was allegedly obtained through coercion, that his Miranda rights were violated, that he was denied access to the law library while incarcerated, and that he was denied effective assistance of counsel. For the reasons set forth below, we affirm the district court's holding.
 
 I. Facts and Procedural History
 
 4
 The petitioner was arrested on December 30, 1975, for first degree murder. Homicide Inspector Hobert Nelson of the San Francisco Police Department testified that he read the petitioner his Miranda rights using the standard Miranda warning card before he interviewed the petitioner. The petitioner waived his Miranda rights and gave a taped statement to Nelson. The interrogation ceased when the petitioner asserted his right to counsel.
 
 
 5
 On December 31, 1975, the petitioner, while in jail in San Francisco City Prison, called Nelson from his cell and said that he wanted to speak further with Nelson. Nelson again read the petitioner his Miranda rights, which the petitioner waived. The statements by petitioner were then recorded.
 
 
 6
 The tapes were played for the jury during the trial. The defense conceded that the petitioner had been properly given the Miranda warning and had voluntarily given the police his second taped statement. The petitioner filed a writ of habeas corpus on September 19, 1986, claiming that his second taped statement was coerced by Nelson through physical and psychological punishment. The district court dismissed all the claims in the petition save two: (1) that the court erred in admitting the taped statements of the petitioner which were obtained through coercion; and (2) that the petitioner's Miranda rights were violated because he was denied legal counsel while making his statements.
 
 
 7
 The district court dismissed the petition on the ground that the petitioner had not exhausted his state remedies as to the second issue.
 
 
 8
 The petitioner then filed his writ in San Francisco Superior Court. His assertions were the same as in the first writ and also alleged a new claim: he had a constitutional right to a post-indictment preliminary hearing. The superior court denied the writ in a written order dated April 13, 1988. The order stated that the coercion and Miranda claims were denied because the petitioner had procedurally defaulted by failing to raise the issues on appeal. The right to a post-indictment hearing was denied on separate grounds.
 
 
 9
 The State Court of Appeal and the California Supreme Court also denied the writ without comment on September 7, 1988, and November 9, 1988, respectively.
 
 
 10
 The petitioner then filed for a writ of habeas corpus in the district court. His post-indictment preliminary hearing claim was reconstituted as a Sixth Amendment claim for ineffective assistance of counsel. The district court held that the petitioner had exhausted his state court remedies on this issue. The respondent did not raise the argument that the federal court was barred from hearing the coercion and Miranda claims because the petitioner had procedurally defaulted in state court. The district court denied the writ, and the petitioner appealed to this court.
 
 II. Discussion
 
 11
 A. Does the Petitioner's Procedural Default Bar a Review in Federal Court?
 
 
 12
 Although the respondent did not raise state procedural default in its answer in the district court, the court may affirm on any ground finding support in the record. See Spokane County v. Air Base Housing, Inc., 304 F.2d 494, 497 (9th Cir.1962) ("[T]he rule is settled that if the decision below is correct, it must be affirmed, although the lower court relied on a wrong ground or gave a wrong reason.").
 
 
 13
 "When state-law default prevents the state from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." Ylst v. Nunnemaker, --- U.S. ----, 51 CCH S.Ct.Bull. pp. B3245, B3247. This is based on the doctrine of independent and adequate state grounds. See Coleman v. Thompson, --- U.S. ----, 51 CCH S.Ct.Bull. pp. B3278, B3285. However, if the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal court review that might have otherwise been available. Id.
 
 
 14
 To aid courts which are unsure whether an ambiguous state court judgment referring to state law sets forth an adequate and independent state ground for its judgment, the Supreme Court devised a presumption: "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting that same claim rest upon the same ground." Nunnemaker, at B3249. If an earlier opinion rests primarily upon federal law, then the court will presume that no procedural default had been invoked by a subsequent unexplained order which leaves the judgment in its place. Id. Similarly, if the last reasoned opinion explicitly imposes a procedural default, the court will presume that a later order is based on the default and not on the merits. Id. However, the presumption may be rebutted with strong evidence. Id.
 
 
 15
 Furthermore, "in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of law, or that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman at B3250-B3251.
 
 
 16
 1. Did the Petitioner Procedurally Default in State Court?
 
 
 17
 The San Francisco Superior Court was the last state court to issue a written, reasoned ordered on the writ. In its order, it held that the December 30, 1975 Miranda issue was procedurally barred. The court ruled that the petitioner raised the December 31, 1975 Miranda violation on appeal, and the state court of appeal found the confession to be voluntary. We agree and will not address this issue further. The court held that the petitioner was now procedurally barred from raising the December 30, 1975 issue by habeas.
 
 
 18
 The court then held that all other issues raised, except the petitioner's request for a post-indictment preliminary hearing, were procedurally barred since they were not raised on appeal. The court did not consider the merits of the petition.
 
 
 19
 The federal courts are thus barred from considering the merits of petitioner's writ unless the petitioner can demonstrate cause for the default and prejudice as a result of the alleged violation of federal law or that the failure to consider the claim will result in a fundamental miscarriage of justice.
 
 
 20
 2. Did the Petitioner Fail to Show Cause for the Default?
 
 
 21
 The petitioner has not shown cause for the default, prejudice as a result of the alleged violation of federal law, or that a fundamental miscarriage of justice will occur if the court does not consider the merits of the writ. Thus, we hold that the petitioner has procedurally defaulted in the state court. As a result, federal review of the writ is barred.
 
 
 22
 B. Was the Petitioner Denied Effective Assistance of Counsel?
 
 
 23
 In order to prevail on the theory of ineffective assistance of counsel, a party must show that (1) counsel's conduct fell below an objective standard of reasonableness and (2) that, but for counsel's errors, the outcome would have been different. Strickland v. Washington, 446 U.S. 668, 688, 694 (1984).
 
 
 24
 At the time of petitioner's appeal, California law did not recognize the right to a post-indictment preliminary hearing. The petitioner argues, however, that the California Supreme Court had reserved judgment on this issue in People v. Johnson, 15 Cal.3d 248 (1975), and that his attorney should have informed the petitioner of his right to file such a petition for review to the California Supreme Court. The petitioner argues that, had he filed such a petition for review, his case would possibly have established the constitutional right to a post-indictment hearing.
 
 
 25
 We hold that the petitioner has stated no constitutional basis for an ineffective assistance of counsel claim. No such constitutional right existed at the time of the petitioner's petition. Moreover, when the California Supreme Court created this right in Hawkins v. Superior Court, 22 Cal.3d 584 (1978), it did so prospectively and not retroactively. Thus, the petitioner would not have been entitled to a post-indictment hearing.
 
 
 26
 Furthermore, we find that the petitioner's ineffective assistance of counsel argument has no merit. The failure of the petitioner's attorney to inform the petitioner of his alleged right to petition the California Supreme Court for a post-indictment hearing does not fall below the objective standard of reasonableness because "counsel's failure to advance errors on appeal later gaining 'judicial recognition' does not constitute unconstitutional aid." Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir.1984). Moreover, the petitioner makes no showing that if he had been advised of this right the outcome would have been different.
 
 
 27
 Also, the petitioner has not shown that his attorney's failure to inform him of a right which California did not yet recognize falls below the objective standard of reasonableness. The state court in People v. Johnson did not state that it was reserving judgment on the issue of whether there is a right to a post-indictment hearing; the court did not even address the issue as part of its opinion. Even if the petitioner could show that his attorney's conduct fell below the objective standard of reasonableness, the petitioner could not prove that the outcome would have been different. The petitioner's argument that his case may have been the one to establish the constitutional right is mere conjecture.
 
 
 28
 Thus, we affirm the district court's holding denying the writ.
 
 III. Conclusion
 
 29
 We affirm the district court's denial of the petitioner's petition for writ of habeas corpus. The petitioner procedurally defaulted in state court on his claims of coercion, a Miranda violation, and inability to gain access to the prison library. Furthermore, the petitioner has not shown that his attorney's failure to inform him of his right to a post-indictment hearing, which he did not in fact have, constitutes ineffective assistance of counsel.
 
 
 30
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Kelleher, Senior District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 21