*In re* PETITION OF NEW YORK & BROOKLYN BRIDGE.

(*Supreme Court, General Term, Second Department.* December 10, 1888.)

EMINENT DOMAIN—COMPENSATION—RIGHTS OF LESSEES.

In the condemnation of leased property, the tenant is entitled to the value of the unexpired term of his lease, less the rent reserved; but he is not entitled to damages for the necessity of removing his personal property, nor for the resulting interruption of his business.

Appeal from award of commissioners.

Petition of the trustees of the New York & Brooklyn Bridge, to acquire the leasehold interest in real estate in the city of Brooklyn, of John Grunewald and Philip Kaffenberger, impleaded, etc. From the award of the commissioners the owners appeal. The lease had two years to run. The tenants were carrying on a retail liquor, cigar, and billiard business. The tenants were allowed to prove that they had fitted up the saloon, but a schedule of the personal property on the premises was excluded, as were questions as to the value of such property "to take out and carry away," and to show that the existence of a liquor license affects the market value of a lease. The award was $200. The tenants appeal.

Argued before BARNARD, P. J., and PRATT and BROWN, JJ.

*Jesse Johnson,* for appellants. *William N. Dykman,* for respondents.

BROWN, J. This appeal is taken from an award of commissioners appointed to ascertain and appraise the compensation to be made by the trustees of the New York & Brooklyn Bridge, to persons interested in the real estate described in the petition. The appellants were tenants in the possession of the real estate under a lease, the unexpired term of which, at the date of the report, was about two years. There was, as is usual in all cases of this character, wide differences of opinion among the witnesses as to the value of the appellants' interest in the land, but the proof fully justifies the award. None of the exceptions taken to the rulings of the commission upon the rejection and acceptance of evidence are well founded. The measure of damages in cases of this character is well settled to be the value of the unexpired term of the lease, less the rent reserved. The tenant is not entitled to be awarded damages caused by the necessity of removal of personal property, nor consequential damages arising from interruption of business. *In re Railroad Co.,* 35 Hun, 307; *In re Railroad Co.,* Id. 633. None of the rulings of the commission conflicted with this rule. We find no error in the case, and the award is affirmed.