[No. 9098.  *En Banc.*  March 13, 1911.]

## METROPOLITAN BUILDING COMPANY, *Respondent*, v. KING COUNTY *et al.*, *Appellants.*[1]

TAXATION—ASSESSMENT—LEASEHOLDS. Under Rem. & Bal. Code, § 9094, requiring the assessment of leaseholds as personal property, the tax value of a fifty year lease from the state, the lessee's buildings reverting at the end of the term, is the actual value of the term less rent reserved, to be determined by the present worth from year to year, considering also the term.

TAXATION—ASSESSMENT—VALIDITY—VACATION. The assessment of a leasehold, fixed by the value of the lessee's improvements, having no basis in law, will be set aside, notwithstanding it could not be reviewed for mere overvaluation.

Appeal from a judgment of the superior court for King county, Robert H. Lindsay, Esq., judge *pro tempore*, entered June 10, 1910, in favor of the plaintiff, reducing an assessed valuation on real property, after a hearing on the merits before the court.  Affirmed.

*George F. Vanderveer, Harold Preston*, and *S. H. Chase*, for appellants.

*Douglas, Lane & Douglas* and *Kerr & McCord*, for respondent.

CHADWICK, J.—This case will require but a meager statement of the facts, the question for our determination being one of law only.  Respondent is the owner of a lease on the old university campus in the city of Seattle.  The tract, originally compact, has been intersected by streets and laid out in city lots, it being the intention of respondent to finally cover the tract with permanent structures. The aggregate rentals to be paid the university during the term of the lease, which is fifty years, will amount to the sum of $3,914,000, and the buildings erected or to be erected become at once the property of the university, or state property.   It is further

[1]Reported in 113 Pac. 1114.

conditioned that the lease is dependent upon the full compliance of the respondent with all its terms and conditions, and the prompt payment of the rent reserved. The plan of the respondent is to issue bonds and erect business blocks. In 1909, it had borrowed and put into the property approximately $1,000,000. Other property being assessed in King county at forty-eight per cent of its value, the assessor returned an assessed value against the property of the respondent in the sum of $480,000. This was approved by the board of equalization. It is shown that so far the investment has not been profitable.

The only question is, what is the proper basis for valuation. It is the contention of the appellants that the value of the property should be measured by the investment and the duration of the term; whereas the respondent contends that the proper basis is the actual value in money of the leasehold interest. Const., art. 7, § 2. It has been heretofore held that a leasehold should be taxed as real property. *Moeller v. Gormley*, 44 Wash. 465, 87 Pac. 507. But the legislature has since provided otherwise.

"For the purposes of assessment and taxation all leases of real property and leasehold interests therein for a term less than the life of 'the holder, shall be and the same are hereby declared to be personal property." Laws 1907, p. 206, § 1 (Rem. & Bal. Code, § 9094).

We are bound by the statute, therefore, to determine the value of the leasehold as personal property. In determining the worth of a leasehold the courts have universally held that it is the value of the term less the rent reserved. The value of the term is fixed with reference to present as well as prospective conditions; not speculative, but actual; or, to state the proposition more aptly, its value in money to one who desires to sell but who is under no necessity for selling, and to one who is desirous of buying but is under no compulsion to do so.

We do not find many cases involving the tax value of a

lease.  In *People ex rel. Metropolitan Street R. Co. v. Barker*, 121 App..Div. 661, 106 N. Y. Supp. 336, it was sought to assess property leased by the company.  It was there said:

"The actual value of the leases was to be ascertained as is the actual value of other property when required to be ascertained in a judicial proceeding.  It could not be assumed that property of this character, which necessarily depends upon the amount that can be realized from it and the amount of rental which the lessee company is bound to pay, was of any definite value, and the usual method in ascertaining the value of such property is the evidence of those who are familiar with the value of similar property and can testify as to its value.  Whether these leaseholds had an actual value to the lessee company or not was a question which had to be determined from the evidence. . . ."

See, also, *People ex rel. Delaware & H. Canal Co. v. Feitner*, 61 App. Div. 129, 70 N. Y. Supp. 500; *Id.* 171 N. Y. 641, 63 N. E. 786.

This rule of value has been applied in condemnation cases, where it is necessary to determine the immediate value of leasehold property as a basis for the assessment of damages. *Corrigan v. Chicago*, 144 Ill. 537, 33 N. E. 746, 21 L. R. A. 212; *In re New York & Brooklyn Bridge*, 4 N. Y. Supp. 222; *Pennsylvania R. Co. v. Eby*, 107 Pa. St. 166.  If the real property upon which the buildings are erected were owned by a private individual, we apprehend that the question raised in this case would not have occurred; for, unless controlled by the contract of the parties, the real property would be assessed to the owner of the fee, while the leasehold would be assessed to the lessee.  The fact that the fee is in the people of the state of Washington does not alter the rule.

The fallacy of appellants' position may be readily shown by suggesting that, in the final years of the term, if their theory be followed, respondent would pay only a nominal tax, or be burdened by a tax so onerous as to amount to confiscation.  For if the assessment be made with reference

to the time the lease had yet to run, the assessed value would be out of all proportion to its value.  If, on the other hand, respondent were compelled to pay upon the amount of its investment, the tax would be grossly excessive.  Whereas, under the rule as we find it to be, the present worth of the lease from year to year, considering also the term, fixes a criterion of value easily ascertainable and just to both parties.  Therefore, an assessment based upon the value of the improvements or the amount invested therein was erroneous, and entitles respondent to relief.

But it is here asserted, upon the authority of *Olympia Water Works v. Gelbach*, 16 Wash. 482, 48 Pac. 251; *Edison Elec. Illuminating Co. v. Spokane County*, 22 Wash. 168, 60 Pac. 132; *Templeton v. Pierce County*, 25 Wash. 377, 65 Pac. 553; *Northern Pac. R. Co. v. Pierce County*, 55 Wash. 108, 104 Pac. 178; and *Doty Lumber & Shingle Co. v. Lewis County*, 60 Wash. 428, 111 Pac. 562, that we cannot review the act of the board of equalization.  The rule of these cases is that an assessment will not be set aside for mere overvaluation, unless the property is so grossly overvalued as to result in a fraud upon the property owner; but where there is no basis in law for the assessment, courts have always stood ready to correct the wrong.  It is fundamental that the power to tax can only be exercised under a statute defining its limitations; and if the law be not followed, the owner is not to be left without remedy.  The record discloses a state of facts which, in our judgment, sustains the trial judge in his conclusion; and finding no error in the record, the judgment is affirmed.

DUNBAR, C. J., GOSE, FULLERTON, MORRIS, CROW, PARKER, and MOUNT, JJ., concur.