[No. 34221. *En Banc.* November 14, 1957.]

Moses Lake Homes, Inc., *Respondent*, v. Grant County et al., *Appellants*.[1]

*Paul A. Klasen, Jr.*, and *Felix & Abel*, for appellants Grant county *et al.*

*The Attorney General* and *Keith Grim, Assistant*, for appellant state of Washington.

*Lycette, Diamond & Sylvester* and *Earle W. Zinn*, for respondent.

Mallery, J.—The plaintiff corporation was organized for the purpose of constructing, operating, and maintaining a housing project on the Larson air force base near Moses Lake, Washington, under the provisions of 63 Stat. 570, known as the Wherry act. The act was passed to provide privately financed housing for Federal government personnel at military installations, to the end that appropriations of public moneys would not be needed for that purpose.

[1]Reported in 317 P. (2d) 1069.

The plaintiff constructed four hundred houses upon one hundred thirty-eight acres leased from the Federal government for seventy-five years, at a nominal rental of one hundred dollars a year or about two cents per unit per month. It had obtained a construction loan, which was secured by a mortgage on its leasehold interest. This loan was made possible because it was insured by the Federal housing administration, under the provisions of the Wherry act. The plaintiff corporation will operate the housing project, and must repay the loan by 1985 out of rentals collected from its subtenants, who, with a few exceptions, will consist of Federal government personnel. The term of the lease is longer than the length of the useful life of the buildings.

The plaintiff brought the instant action to enjoin the levy of any taxes on the housing units for the year 1955 and thereafter.

From an adverse judgment, the defendants appeal.

Because of the general immunity of the United States from taxation by the appellants, the question presented herein relates to the nature of the respondent's interest in the project. Its argument in support of the judgment is that the United States, not the respondent, owns the houses; hence, respondent cannot be assessed and taxed upon their value, but can be taxed only upon its leasehold estate. In other words, it contends that the value of its leasehold estate is not measured by the value of the buildings.

We think the case of *Offutt Housing Co. v. Sarpy County*, 351 U. S. 253, 100 L. Ed. 1151, 76 S. Ct. 814, is controlling herein upon the question of the value of the respondent's leasehold interest.

That case involved the same kind of a project in Nebraska as the one in question here in Washington. The holding of the supreme court of the United States was predicated upon the fact that the buildings on the project had a useful life of only thirty-five years, and the length of the lease was seventy-five years. The value of the leasehold, for which only a nominal rental was paid, would therefore be the worth of the buildings, because the lessee would have the

entire enjoyment of them. On this basis, it sanctioned the levy of a personal property tax upon the full value of the buildings by the state of Nebraska.

We quote from the *Offutt* case, *supra*:

"Petitioner also argues that the state tax, measured by the full value of the buildings and improvements, is not on the 'lessee's interest' but is on the full value of property owned by the Government. Labeling the Government as the 'owner' does not foreclose us from ascertaining the nature of the real interests created and so does not solve the problem. See *Millinery Center Building Corp. v. Commissioner*, 350 U. S. 456. The lease is for 75 years; the buildings and improvements have an estimated useful life of 35 years. The enjoyment of the entire worth of the buildings and improvements will therefore be petitioner's.

"Petitioner argues, however, that the Government has a substantial interest in the buildings and improvements, since the Government prescribed the maximum rents and determined the occupants, had voting interests in petitioner, provided services, and took the financial risks by insuring the project. Petitioner compares its own position to that of a 'managing agent.' This characterization is an attempt by use of a phrase to make these facts fit an abstract legal category. This contention would certainly surprise a Congress which was interested in having private enterprise and not the Government conduct these housing projects. The Government may have 'title,' but only a paper title, and, while it retained the controls described in the lease as a regulatory mechanism to prevent the ordinary operation of unbridled economic forces, this does not mean that the value of the buildings and improvements should thereby be partially allocated to it. If an ordinary private housing venture were being assessed for tax purposes, the value would not be allocated between an owner and the mortgage company which does his financing or between the owner and the State, which may fix rents and provide services. In the circumstances of this case, then, *the full value of the buildings and improvements is attributable to the lessee's interest.*" (Italics ours.)

We follow the *Offutt* case, and hold that the value of respondent's leasehold interest, at the nominal rent reserved, is the full value of the buildings and improvements. We do this because the supreme court of the United States

is the final authority on the extent of the Federal government's waiver of immunity of Federal projects from state and local taxation, and because of the desirability of uniform taxing benefits among the several states where these housing projects are located.

The judgment is reversed.

FINLEY, WEAVER, and ROSELLINI, JJ., concur.

DONWORTH, J. (concurring in the result)—I am constrained to concur in the result of the foregoing opinion solely because I am bound by the majority opinion in *Offutt Housing Co. v. Sarpy County*, 351 U. S. 253, 100 L. Ed. 1151, 76 S. Ct. 814. The Wherry act, as interpreted by that decision of the U. S. supreme court, is, by the provisions of Art. VI of the United States constitution, declared to be the supreme law of the land, and is binding upon state judges regardless of any state laws to the contrary. Hence, I concur in the reversal of the trial court's judgment.

HILL, C. J., and FOSTER, J, concur with DONWORTH, J.

OTT, J., did not participate.