[No. 35261.  *En Banc.*  August 25, 1960.]

AIR BASE HOUSING, INC., *Appellant,* v. SPOKANE COUNTY, *Respondent.*[1]

[1]Reported in 354 P. (2d) 903.

*Cheadle, Clanton & Woeppel* (*J. K. Cheadle,* of counsel) for appellant.

*John J. Lally* and *Donald N. Olson,* for respondent.

HUNTER, J.—This is an appeal from a judgment entered in the Superior Court for Spokane county dismissing plaintiff's action to recover personal property taxes paid under protest.

The appeal comes before this court on an agreed statement of facts. Prior to January 1, 1956, the plaintiff Air Base Housing, Inc., leased real property and improvements constructed thereon, located at Fairchild Air Force Base in Spokane county, from the Department of Air Force under three leases under the authority of Title VIII of the National Housing Act, as amended, known as the Wherry Act. Under these leases the plaintiff operated the housing project until November 1, 1957, when the United States took over all of plaintiff's title and interest in the leaseholds by condemnation. By reason of the decision of the supreme court of the United States, in *Offutt Housing Co. v. County of Sarpy,* 351 U. S. 253, 100 L. Ed. 1151, 76 S. Ct. 814 (1956), the assessor of Spokane county, prior to the date of equalization of taxes for 1956, amended its assessment of plaintiff's leaseholds on June 12, 1956. At that time the assessor listed and valued the property upon the basis of the full value as permitted by the *Offutt* case. In October 1956 a tax levy in a specific amount was made on the leaseholds for personal property taxes payable in 1957. Payment for the first half of the 1956 levy was made under protest in 1957. The protest resulted from the plaintiff's contention that no taxes were due in view of the amendment in 1956 to the Wherry Act by § 511 (70 Stat. 1110), which reads as follows:

"Sec. 511. Section 408 of the Housing Amendments of 1955 is amended by adding at the end thereof the following: 'Nothing contained in the provisions of title VIII of the National Housing Act in effect prior to August 11, 1955, or any related provision of law, shall be construed to exempt from State or local taxes or assessments the interest

of a lessee from the Federal Government in or with respect to any property covered by a mortgage insured under such provisions of title VIII: *Provided,* That, no such taxes or assessments (not paid or encumbering such property or interest prior to June 15, 1956) on the interest of such lessee shall exceed the amount of taxes or assessments on other similar property of similar value, less such amount as the Secretary of Defense or his designee determines to be equal to (1) any payments made by the Federal Government to the local taxing or other public agencies involved with respect to such property, plus (2) such amount as may be appropriate for any expenditures made by the Federal Government or the lessee for the provision or maintenance of streets, sidewalks, curbs, gutters, sewers, lighting, snow removal or any other services or facilities which are customarily provided by the State, county, city, or other local taxing authority with respect to such other similar property: *And provided further,* That the provisions of this section shall not apply to properties leased pursuant to the provisions of section 805 of the National Housing Act as amended on or after August 11, 1955, which properties shall be exempt from State or local taxes or assessments.' "

By the application of the formula permitting deductions from taxes payable, as provided under § 511, no taxes would be due against plaintiff's leaseholds. The plaintiff contended the deductions applied to the taxes assessed on June 12, 1956, and levied thereafter in October 1956. Spokane county contended the taxes assessed against the leaseholds of the plaintiff, on June 12, 1956, constituted a tax lien upon the leaseholds at the time of the listing and valuation thereof by the county assessor on that date, which was prior to June 15, 1956, and that § 511, providing for deductions from the amount of taxes payable, did not apply.

The trial court, ruling this contention of the defendant Spokane county was correct, dismissed plaintiff's action and entered judgment accordingly, from which this appeal was taken.

The sole issue raised by appellant's assignments of error is whether a valid tax lien attached to the leasehold in-

terests of the appellant at the time this personal property was listed and valued by the Spokane county assessor.

Appellant contends the rule of *Puget Sound Power & Light Co. v. Cowlitz County,* 38 Wn. (2d) 907, 234 P. (2d) 506 (1951), is controlling in this case. In that case personal property owned by the appellant power company was sold to five public utility districts. The sale occurred after the property had been assessed, but before a tax levy had been made. We there held that a tax lien does not become valid and effective until there has been a levy specifying the amount thereof.

The respondent contends the *Cowlitz* case is inapplicable to the instant case, since that case involved property owned by a municipal corporation, exempt from taxation under the fourteenth amendment to the Washington constitution.

In the instant case, as in the *Cowlitz* case, the controlling determination is whether a valid tax encumbrance came into existence at the time of the listing and valuation of the personal property by the county assessor. If we are to follow the rule of the *Cowlitz* case, it is inescapable that, prior to June 15, 1956, there was no valid tax encumbrance and the sole issue here involved would be concluded in favor of the appellant.

However, we feel compelled to review the *Cowlitz* case and reconsider the rule there announced. This is occasioned by the clear and unambiguous language of Laws of 1943, chapter 34, § 1, p. 71, [*cf.* RCW 84.60.030], which reads in part:

" . . . The taxes assessed upon each item of personal property assessed shall be a lien upon such personal property from and after the date upon which the same is listed with and valued by the County Assessor, and no sale or transfer of such personal property shall in any way affect the lien for such taxes upon such property. . . . "

It is plain from the language of the *Cowlitz* case that it was not our intention to modify the effect of this statute, except in so far as it operated in contravention of our constitutional provision making public property immune from taxation. It now appears that the rule of the *Cowlitz* case

is not so limited in its operation. In the *Cowlitz* case, at the time of the assessment, the personal property in question had not been sold to the public utility districts; therefore, at the time of the assessment, it was not public property and had no claim to the immunity from taxation provided by the fourteenth amendment. Consequently, at the time of the assessment, RCW 84.60.030 could not in any way have been in contravention of the constitution. The rule of the *Cowlitz* case, modifying the effectiveness of this statute by nullifying a valid tax lien attaching at the time of the assessment of personal property, cannot be justified on the theory that the statute collided with the fourteenth amendment. In the absence of this statute contravening our state constitution, it may not be modified by a rule announced by this court.

Further, the *Cowlitz* case erroneously applies to personal property, the doctrine that an inchoate tax lien comes into existence on the assessment day and, upon a levy being made, becomes fully effective by relation back to the time when the inchoate lien came into existence. This doctrine of "relation back" can be applied to real property by virtue of RCW 84.60.020, as construed in *State v. Snohomish County,* 71 Wash. 320, 128 Pac. 667 (1912). However, applying such a doctrine to personal property violates the express language of RCW 84.60.030. The application of this doctrine to personal property would leave the taxing authority powerless to enforce a lien thereon prior to the date of the levy. The security for the payment of the tax would in every instance be lost where the property could not be found, or where it was no longer in existence, or in the jurisdiction of the taxing authority on the tax levy date.

The doctrine of "relation back" creates an additional problem, since the amount of the levy is determined by reference to the total sum needed by the taxing district, and the assessed value of the taxable property. Once the amount of the levy has been determined, the assessed value of the property multiplied by the amount of the levy

equals the amount needed. To be workable under this method it must be assumed that all taxes will be collected. However, with no method of enforcing taxes on property which has passed out of the jurisdiction of the taxing authority, after the assessment but before the levy, the assessed value affords no certain basis for determining the amount of the levy. Under the "relation back" doctrine followed in the *Cowlitz* case, to make the assessed value a certain basis, would require a relisting and reassessment on the date of the levy.

Thus, the *Cowlitz* case, in applying this doctrine to personal property, constitutes a substantial alteration of the taxing process of this state, which is a direct invasion of the legislative branch of government by this court. The *Cowlitz* case, therefore, must be, and hereby is, overruled.

It is undisputed in the instant case that the interests of the appellant in its Wherry Act leaseholds at the Fairchild Air Force Base were listed and valued by the county assessor of Spokane county prior to June 12, 1956, at which time a valid tax encumbrance attached under RCW 84.60-.030. The taxes on appellant's leaseholds were not affected by § 511 of the Housing Act, since they had become a valid encumbrance prior to June 15, 1956.

The trial court was correct in entering its order and judgment dismissing appellant's action to recover the taxes paid under protest.

The judgment is affirmed.

WEAVER, C. J., MALLERY, HILL, FINLEY, ROSELLINI, and OTT, JJ., concur.

DONWORTH, J. (dissenting)—In *Moses Lake Homes v. Grant County*, 51 Wn. (2d) 285, 317 P. (2d) 1069 (1957), we held that, under the Wherry Act, the county could base its assessed value of the lessee's interest for tax purposes on the full value of the buildings and improvements placed on government real property by the lessee instead of on the value of its leasehold interest. This holding was compelled by decision of the supreme court in *Offutt Housing*

*Co. v. Sarpy County,* 351 U. S. 253, 100 L. Ed. 1151, 76 S. Ct. 814 (1956).

Congress has the power to determine whether, and to what extent, a state may levy a tax on property belonging to the United States. But Congress cannot amend the state's statutes regarding the method of assessing such property for purposes of taxation. Our Legislature has defined what property is to be treated as personal property for that purpose. In RCW 84.04.080, there is included in this classification "all improvements upon lands the fee of which is still vested in the United States, or in the state."

In the case of *In re Metropolitan Bldg. Co.,* 144 Wash. 469, 258 Pac. 473 (1927), this court applied this statute to a leasehold on state-owned land. We there said:

"We now come to the merits. The subject matter of this case has been before us three times in the past. *Metropolitan Bldg. Co. v. King County,* 62 Wash. 409, 113 Pac. 1114, *Id.,* 64 Wash. 615, 117 Pac. 495, and *Id.,* 72 Wash. 47, 129 Pac. 883. The general history of the leasehold involved is sufficiently shown in these earlier cases and need not be here repeated. At the time of each assessment heretofore involved, the operations showed a net loss; now they show a profit, but of how much is seriously in dispute and presents the vital question in the present case.

"The first of the former cases settled the law, which is still applicable. It is there said:

" 'We are bound by the statute, therefore, to determine the value of the leasehold as personal property. In determining the worth of a leasehold the courts have universally held that it is the value of the term less the rent reserved. The value of the term is fixed with reference to present as well as prospective conditions; not speculative, but actual; or, to state the proposition more aptly, its value in money to one who desires to sell but who is under no necessity for selling, and to one who is desirous of buying but is under no compulsion to do so. . . .

" 'This rule of value has been applied in condemnation cases, where it is necessary to determine the immediate value of leasehold property as a basis for the assessment of damages. *Corrigan v. Chicago,* 144 Ill. 537, 33 N. E. 746, 21 L. R. A. 212; *In re New York & Brooklyn Bridge,* 4 N. Y. Supp. 222; *Pennsylvania R. Co. v. Eby,* 107 Pa. St. 166. If the real property upon which the buildings are erected

were owned by a private individual, we apprehend that the question raised in this case would not have occurred; for, unless controlled by the contract of the parties, the real property would be assessed to the owner of the fee, while the leasehold would be assessed to the lessee. The fact that the fee is in the people of the state of Washington does not alter the rule.

" 'The fallacy of appellants' position may be readily shown by suggesting that, in the final years of the term, if their theory be followed, respondent would pay only a nominal tax, or be burdened by a tax so onerous as to amount to confiscation. For if the assessment be made with reference to the time the lease had yet to run, the assessed value would be out of all proportion to its value. If, on the other hand, respondent were compelled to pay upon the amount of its investment, the tax would be grossly excessive. Whereas, under the rule as we find it to be, the present worth of the lease from year to year, considering also the term, fixes a criterion of value easily ascertainable and just to both parties. Therefore, an assessment based upon the value of the improvements or the amount invested therein was erroneous, and entitles respondent to relief.' "

The material facts before us are as follows:

In 1956, Congress enacted the amendment to the Wherry Act involved in this case. That amendment provided, in effect, that no state or local taxes or assessments on the interest of a Wherry Act lessee *not paid* or *encumbering such property* or interest *prior to* June 15, 1956, shall exceed the amount of taxes or assessments on other similar property of similar value, *less* certain payments made by the Federal Government to local taxing or other public agencies as determined by the secretary of defense.

The sole question before us is whether these deductions can be applied to appellant's leasehold interest in the subject property at Fairchild Air Force Base in Spokane county.

Prior to June 15, 1956, the county assessor had listed and valued appellant's leasehold interest for tax purposes as personal property. But on that date there existed no lien for taxes which constituted an encumbrance on this lease-

hold interest under our statutes, because the county commissioners had not yet levied a tax based on such assessed valuation. This was not done until October, 1956. Therefore, under our decision in the *Cowlitz* case, there was no tax lien encumbering the property on June 15, 1956.

The majority overrule the *Cowlitz* case, stating its reason therefore, in part as follows:

"However, we feel compelled to review the *Cowlitz* case and reconsider the rule there announced. This is occasioned by the clear and unambiguous language of Laws of 1943, chapter 34, § 1, p. 71, [*cf.* RCW 84.60.030], which reads in part:

" ' . . . The taxes assessed upon each item of personal property assessed shall be a lien upon such personal property from and after the date upon which the same is listed with and valued by the County Assessor, and no sale or transfer of such personal property shall in any way affect the lien for such taxes upon such property. . . . '

"It is plain from the language of the *Cowlitz* case that it was not our intention to modify the effect of this statute, except in so far as it operated in contravention of our constitutional provision making public property immune from taxation. It now appears that the rule of the *Cowlitz* case is not so limited in its operation. In the *Cowlitz* case, at the time of the assessment, the personal property in question had not been sold to the public utility districts; therefore, at the time of the assessment, it was not public property and had no claim to the immunity from taxation provided by the fourteenth amendment. Consequently, at the time of the assessment, RCW 84.60.030 could not in any way have been in contravention of the constitution. The rule of the *Cowlitz* case, modifying the effectiveness of this statute by nullifying a valid tax lien attaching at the time of the assessment of personal property, cannot be justified on the theory that the statute collided with the fourteenth amendment. In the absence of this statute contravening our state constitution, it may not be modified by a rule announced by this court."

In the present case, the interest of appellant Air Base Housing, Inc., in the leased property is based on the full value of the improvements under the supreme court's interpretation of the Wherry Act. Under RCW 84.60.030

(cited in the majority opinion), was appellant's property subject on a tax lien on June 15, 1956?

I think that our decision in *Puget Sound Power & Light Co. v. Cowlitz County,* 38 Wn. (2d) 907, 234 P. (2d) 506 (1951) should not be overruled because it correctly holds that, before a tax lien can become an encumbrance on personal property, there must be a levy. Until that final step in the taxing process is taken, it is impossible to pay the tax or even ascertain its amount. Under RCW 84.60-.030, there may be an inchoate lien on personal property based on its assessed value as of noon on January first (after it has been listed and valued by the county assessor), but the 1956 amendment to the Wherry Act becomes applicable only if the taxes either have been paid or have become an encumbrance on the leasehold interest prior to June 15, 1956. Neither payment nor the creation of an encumbrance is legally possible until after the county commissioners have levied a tax upon all the real and personal property in the county. RCW 84.52.030 *et seq.* and 84.56-.010 *et seq.*

Since the taxes involved in this case neither had been paid prior to June 15, 1956, nor had become an encumbrance on appellant's property prior to that date, I would reverse the judgment with directions to reinstate appellant's action for further proceedings.

FOSTER, J., concurs with DONWORTH, J.