### In re GARDEN INN STEAK HOUSE, INC., Cangiamilla, Inc., Debtor.

### Bankruptcy No. 81–01688.

United States Bankruptcy Court, N. D. Ohio, W. D.

Aug. 25, 1982.

---

Michael N. Vaporis, Toledo, Ohio, for debtor.

Paul C. Koscik, Asst. Atty. Gen., Columbus, Ohio, for Ohio Bureau of Employment Services.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon the Motion for Contempt and vacation of the lien of the Ohio Bureau of Employment Services (OBES) filed by the Debtor in Possession. The Debtor in Possession argues that the post-bankruptcy perfection of the lien acquired prior to Bankruptcy, in favor of the OBES, after the filing of the Chapter 11 petition, violated the automatic stay provisions of Section 362 of the Bankruptcy Code. The Debtor in Possession moves the Court to avoid the lien. The OBES argues that under Section 546(b) of the Bankruptcy Code, a lien will not be avoided if state law allows the perfection of the lien to relate back to a pre-bankruptcy lien attachment date. OBES further alleges that Ohio law allows such relation back to a pre-bankruptcy date.

## FACTS

The undisputed facts are as follows:

1.) The Debtor in Possession owes unemployment taxes for the first quarter of 1981 in the amount of One Thousand Three Hundred Ninety-four and 75/100 Dollars ($1,394.75). These taxes were due on April 30, 1981 and became a lien on that date.

2.) The Debtor in Possession owes unemployment taxes for the second quarter of 1981, in the amount of One Thousand Five Hundred Twenty-two and 19/100 Dollars ($1,522.19) and became a lien on that date.

3.) The Debtor in Possession filed its voluntary Chapter 11 Petition on August 17, 1981 and listed the amounts owed to the OBES in its schedules.

4.) On February 5, 1982 the OBES perfected the liens referred to above by filing a notice of lien in the Office of the County Recorder of Lucas County, Ohio.

5.) The February 5, 1982 perfection of the lien of those taxes which became due on October 31, 1981 is not in dispute and will not be addressed by this Opinion.

## LAW

The issue presented to the Court is whether or not Ohio law allows the perfection of the OBES lien, as described in Ohio Revised Code Section 4141.23, to relate back to the date on which the liens came into existence. According to the parties, if Ohio law permits this relation back for purposes of perfection, then the filing of the lien by the OBES on February 5, 1982 is valid as against the Debtor and no violation of the automatic stay has occurred. If the law does not permit the relation back, then it appears that the lien may be avoided by the Debtor In Possession and the filing of the lien by the OBES subsequent to the Bankruptcy filing is a technical violation of the automatic stay provision of the Bankruptcy Code under Section 362.

In order to make a determination of this issue addressed by the parties, the discussion must be focused on various sections of the Bankruptcy Code in addition to Section 4141.23 of the Ohio Revised Code.

The authority and power of the Debtor In Possession are found in Sections 545(2) and 103 of the Bankruptcy Code. Section 545(2) states the following:

Section 545. *Statutory Liens*

"The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(2) is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchaser exists; . . . ."

Section 103 bestows the identical powers upon a Debtor In Possession in a Chapter 11 proceeding. Therefore the avoidance powers in Section 545(2) are applicable to Garden Inn, the Debtor In Possession in the case before the Court.

The legislative history applicable to Section 545(2) expounds further by stating that liens which are not enforceable or perfected on the date of the filing of the petition are voidable as against a bona fide purchaser. However, if state law permits such perfection to relate back to a pre-bankruptcy date, then the lien could not be defeated by the trustee or debtor in possession under Section 545. H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 371 (1977); S. Rep. No. 95–989, 95th Cong., 2d Sess. 85 (1978), U.S. Code Cong. & Admin. News, p. 5787.

This concept is further enunciated by Section 546(b) which states in pertinent part the following:

Section 546. *Limitations on avoiding powers.*

" . . . . (b) The rights and powers of the trustee under section 544, 545, or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such

interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement."

Therefore, it appears clear that the intent of the Bankruptcy law is that if Ohio law authorizes the perfection of this particular statutory lien of February 5, 1982 to relate back to the lien attachment dates of April 30, 1981 and July 31, 1981, then Section 546(b) comes into play thereby defeating the avoidance powers of the debtor in possession under Section 545(2). In that instance, the lien may not be avoided and Section 362(b)(3) of the Bankruptcy Code would not prohibit such action to perfect. Section 362(b)(3) is provided for below:

Section 362. *Automatic Stay*

" . . . The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

. . . (3) under subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title. . . ."

The focal point of this issue then is the operation of Section 4141.23. The Section states in pertinent part the following:

Section 4141.23 *Unpaid contributions become lien on employer's property; limitation on collection of contributions.*

"Contributions shall accrue and become payable by each employer for each calendar year or other period as prescribed by sections 4141.01 to 4141.46 of the Revised Code. Such contributions become due and shall be paid by each employer to the bureau of employment services for the unemployment compensation fund in accordance with such regulations as the administrator of the bureau of employment services prescribes . . .

Any contribution, interest or forfeiture required to be paid under such sections by any employer shall, if not paid when due, become a lien upon the real and personal property of such employer. Upon failure of such employer to pay the contributions

required to be paid under such sections, the administrator shall file notice of such lien, for which there shall be no charge, in the office of the county recorder of the county in which it is ascertained that such employer owns real estate or personal property. The administrator shall notify the employer by mail of the lien. The absence of proof that the notice was sent does not affect the validity of the lien. Such lien shall not be valid as against the claim of any mortgagee, pledgee, purchaser, judgment creditor, or other lienholder of record at the time such notice is filed...

In the event of a distribution of an employer's assets, pursuant to an order of any court under the law of this state, including any receivership, assignment for benefit of creditors, adjudicated insolvency, or similar proceedings, contributions then or thereafter due have the same priority as provided by law for the payment of taxes due the state and shall be paid out of the trust fund in the same manner as provided for other claims for unpaid taxes due the state...."

Initially, there is no specific indication that perfection by filing relates back to the time the lien was created. There appearing to be no legislative history on the subject, available case law must be examined to interpret the intent of the state statute.

The case law provided by the OBES in favor of maintaining the lien perfection is *In re Saberman*, 3 B.R. 316, 1 C.B.C.2d 671 (Bkrtcy. N.D. Ill. 1980). According to this case, the Illinois statute governing mechanic's liens clearly provides for the perfection of such lien to relate back to the time the work was performed. Therefore, within the Bankruptcy context, such relation back would operate to estop the trustee from avoiding a post-bankruptcy perfection of a pre-bankruptcy lien. Ohio mechanic's lien law has a similar effect. The OBES is attempting to equate its tax lien in this particular case to a mechanic's lien. However, a mechanic's lien is easily distinguishable.

According to Ohio Revised Code Section 1311.01 et seq., Ohio mechanic's lien perfection, like that of Illinois, authorizes the perfection to relate back to the time when the services were performed. OBES tax liens are governed by Section 4141.23 not Section 1311. The Court must look to the language found in Section 4141.23 to make a determination of the issue presented. As previously stated, no similar language can be found in Section 4141.23 regarding the relation back as seen in Section 1311. Presumably, if there was an intent to provide for relation back of perfection, the Ohio legislature could easily have included it in the statute.

For the foregoing reasons, the rationale and conclusion reached in the *Saberman* case, supra., cannot be applied to the facts of the case at bar.

The Debtor offers the case of *Dutt v. Marion Air Conditioning Sales, Inc.,* 159 Ohio St. 290, 50 Ohio Op. 293, 112 N.E.2d 32 (1953), to buttress its position that a lien for unpaid unemployment contributions shall not be valid against the claim of any mortgagee or other lienholder of record at the time the notice of the lien is filed, but it is valid against claims of this kind arising after the notice is filed. Although the *Dutt* case falls under the antiquated Ohio General Code Section 1345–4, the section reveals essentially the same language as Section 4141.23 of the Ohio Revised Code. Furthermore, although the facts are distinguishable, the pertinent legal reasoning and conclusions of the case are applicable to the case at bar.

The relevant facts in the *Dutt* case are as follows:

Marion Air Conditioning Sales, Inc. was placed into receivership. A dispute arose over who had priority to the funds being held by the receiver: a mortgagee bank whose chattel mortgage was dated and filed on February 18, 1950, or the State of Ohio for unpaid unemployment compensation contributions which notice of lien was filed February 2, 1950. Dealing with this issue, the Ohio Supreme Court stated that the claim of the State of Ohio became a lien

upon the personal property of the employer and was subsequently perfected by the filing of the notice of lien *prior to* the filing of the bank's mortgage. Therefore, by the plain meaning of General Code Section 1345–4, the State's lien being first in time, was valid as against the claim of a mortgagee bank which was not of record at the time the state filed its notice of lien.

The clear factual distinction to the case at bar is that the lien of the State in this case was perfected *after* the claim of a bona fide purchaser or mortgagee became of record upon the filing of the Bankruptcy Petition pursuant to Section 545(2). The Debtor argues that this distinction is critical in the determination of the perfection status of the OBES tax lien. Within the factual constraints here, it appears that Bankruptcy Code Section 545(2) and Ohio Revised Code Section 4141.23 would indicate that since the Bankruptcy filing predates the tax lien recordation, the State's lien may be avoided by a debtor in possession clothed with the authority of a bona fide purchaser or mortgagee on the date of the filing.

Notwithstanding the impact of the foregoing discussion, the critical issue to this case was addressed by neither party. Although it appears that the Debtor In Possession can avoid the lien of the OBES, the Bankruptcy Code Sections 507(a)(6)(D) and 523(a)(1) and Ohio Revised Code Section 4141.23 treat unemployment contributions as nondischargeable priority tax claims. Consequently, the Debtor In Possession must ultimately pay one hundred percent of the OBES claim. However, Section 1129(a)(9)(c) allows a debtor in possession to defer payments to tax claimants over a period not to exceed six (6) years after the date of assessment of the claim. Therefore it is

ORDERED, ADJUDGED and DECREED that the lien of the Ohio Bureau of Employment Services is avoided, however, it appearing the claim of the OBES is a nondischargeable priority tax claim for purposes of distribution under the Debtor's Chapter 11 Plan of Reorganization, it shall be paid not less than one hundred percent (100%) of its claim.

In so reaching these conclusions, the Court has considered all the evidence presented whether or not referred to specifically in the Opinion above.

It is FURTHER ORDERED that service of this Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record.