In re ELECTRIC CITY, INC., Debtor.

A. Stevens QUIGLEY, as Trustee in Bankruptcy, Plaintiff,

v.

GENERAL ELECTRIC COMPANY et al., Defendant.

Bankruptcy No. 81–01559.
Adv. No. A83–0663.

United States Bankruptcy Court,
W.D. Washington.

Oct. 11, 1984.

Warren L. Erickson, Erickson & Groshong, Seattle, Wash., for plaintiff.

Larry B. Feinstein, Seattle, Wash., for defendant.

### MEMORANDUM DECISION AND JUDGMENT RE TAX CLAIM OF KING COUNTY

SIDNEY C. VOLINN, Bankruptcy Judge.

The trustee's motion for summary judgment presents the following issue: Does the exception to the § 362(a)(4) automatic stay provided for by 11 U.S.C. § 546(b) apply to King County's post-bankruptcy listing and valuation of personal property and resulting tax lien claim thereon under RCW 84.60.020? Determination of this issue turns on whether the process described in RCW 84.60.020 is "... generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection ... 11 USC § 546(b)."

This decision holds that King County's listing and valuation of personal property

does not fall within the class of delayed perfection statutes provided for in § 546(b).

## I. BACKGROUND

The debtor corporation was a wholesale and retail electrical supplier. The trustee sold its machinery, equipment, and inventory at a public auction, resulting in proceeds of $15,989.25. The sale, free and clear of liens, was authorized by the court with liens of various claimants attaching to the proceeds of sale pursuant to 11 U.S.C. § 363(f).

The trustee moved for summary judgment directed to invalidation of the personal property tax lien claims of King County and the liens of the Small Business Administration (SBA), and the General Electric Company.

In a stipulation and agreed order it was provided that the debtor could use the SBA's cash collateral, and that the SBA would be granted a post-petition lien on future machinery, equipment, accounts receivable, inventory and other forms of cash collateral. The validity of its lien is therefore conceded by the trustee.

King County's personal property tax section, after bankruptcy (May 20, 1981), proceeded with the assessment process and listed and valued the debtor's personal property on July 13, 1981, November 16, 1982, and February 7, 1983.

The trustee obtained an order of default against defendants National Equipment Rental, Ltd, Chemical Bank, General Leasing Co., and Delta Systems on July 29, 1983. The lien of defendant General Electric Co. was declared invalid because it did not defend against the trustee's motion for summary judgment.

## II. CONTENTIONS OF PARTIES

### A. The Trustee

The trustee takes the position that since King County's listing and valuation of the debtor's personal property occurred post-petition, its actions are void and in violation of the stay imposed by 11 U.S.C. § 362(a)(4) regarding "... any act to create, perfect, or enforce any lien against property of the estate ..." The trustee relies *inter alia* on the authority of a prior ruling of this Court *In Re Stack Steel & Supply Co.*, Treadwell, J. 28 B.R. 151 (Bkrtcy.W.D. Wash.1983), which held that "... Code § 362(a)(4) stays all creditors, including governmental units, from performing acts to perfect liens against property of the estate ... *supra.*, p. 155." King County argues that *Stack Steel* is distinguishable because it did not advert to § 546(b). The automatic stay of § 362(a)(4) is modified by § 362(b)(3) which provides that the stay is inoperative as to "... any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title." The trustee concedes that the issue of perfection under § 546(b) was not discussed in the *Stack Steel* opinion but contends that it was raised and considered by the court.

The trustee, in any event, takes the position that perfection of the county's tax lien is invalid since the tax lien is a "statutory lien" and is voidable under 11 U.S.C. § 545(2) because it would be invalid against a bona fide purchaser as of the time the petition was filed. The trustee maintains that King County, at best, should be allowed priority as an administrative expense under 11 U.S.C. § 507(a)(1).

In response to King County's assertion that its lien comes within the exception to the automatic stay under § 362(b)(3) created by 11 U.S.C. § 546(b)), the trustee contends that § 546(b) is inapplicable because *personal property* taxes are the personal obligation of the owner of the property, rather than an obligation chargeable against the property subject to taxation. Accordingly, the trustee maintains that King County did not have an interest in the debtor's personal property until its lien was perfected as prescribed in RCW 84.60.020 (which occurred after the petition was filed).

The trustee contrasts the method of perfection of a personal property tax lien with

the methods of delayed perfection for mechanics' and materialman's liens under RCW 60.04 et. seq. and a secured party's purchase money security interest under RCW 62A.9–301(2), respectively. In both instances, the lien claimants may have a valid lien against property for work, material, or labor supplied, etc. or goods sold which are subject to compliance with procedure for perfection and divestiture if suit for foreclosure is not timely brought. These statutes are examples of "generally applicable laws," providing for post-bankruptcy perfection, which are exceptions to the operation of the stay permitted by § 546(b).

### B. Small Business Administration

The Small Business Administration (SBA) supports the trustee's motion for summary judgment. If the trustee prevails, the SBA will be entitled to the proceeds of sale less costs of preserving and disposing of the collateral pursuant to 11 U.S.C. § 506(c).

The SBA's contentions, apart from those asserted by the trustee, are as follows:

The personal property in question is clearly property of the estate under 11 U.S.C. § 541(a)(1), and therefore is protected by the application of the automatic stay (this is in response to King County's assertion that the personal property in question might not be "property of the estate" because the debtor has no equity in the property). It may be noted that the legislative history of § 541 designates possessory interests as being property of the estate.

The SBA's fundamental argument is that 11 U.S.C. § 546(b) and § 362(b)(3) do not apply in the instant case. In order to avail itself of § 546(b), the county must have had a pre-petition lien against the property. The SBA asserts that the legislative history of and case law interpreting § 546(b) require that perfection of a proponent's lien must relate back to a time before the debtor's petition was filed.

### C. King County

The King County personal property tax section contends that the assessor's listing and valuation of personal property under RCW 84.60.020 is within the exception to the operation of the automatic stay under 11 U.S.C. § 362(b)(3) because the assessment process is within the limitation to the trustee's avoiding powers provided by 11 U.S.C. § 546(b).

The county maintains that its post-bankruptcy lien arises automatically upon listing and valuation of personal property, and that creation of the lien does not violate 11 U.S.C. § 362(a)(4) because this process is "passive," and does not rise to the level of interference with, harassment of, or diminution of the bankruptcy estate. This passive process, it is contended, does not conflict with the underlying purposes of the automatic stay which is primarily directed toward preventing fragmented jurisdiction relating to claims against the debtor and property of the estate.

### III. DISCUSSION

#### A. Application of 11 USC § 546(b)

Pertinent legislative history of 11 USC § 546(b) states:

*The rights granted to a creditor under this subsection prevail over the trustee only if the transferee has perfected the transfer in accordance with applicable law, and that perfection relates back to a date that is before commencement of the case.*

The phrase "generally applicable law" relates to those provisions of applicable law that apply both in bankruptcy cases and outside of bankruptcy cases. For example, many State laws, under the Uniform Commercial Code, permit perfection of a purchase-money security interest to relate back to defeat an earlier perfected non-purchase-money security interest if the former was perfected within ten days. UCC § 9–301(2). Such perfection would then be able to defeat a hypothetical judicial lien creditor on the date of the filing of the petition. *The purpose of the subsection is to protect, in spite of the surprise intervention of [the] bankruptcy petition, those whom State law protects by allowing them to*

*perfect their liens or interests as of an effective date that is earlier than the date of perfection.* It is not designed too [sic] give the States an opportunity to enact disguised priorities in the form of liens that apply only in bankruptcy cases. HR Rep No. 95–595, 95th Cong, 1st Sess 371 (1977); S Rep No. 95–989, 95th Cong, 2d Sess 86 (1978) [as found in 4 *Norton Bankruptcy Law and Practice* Leg. Hist., pages 448–9] (emphasis added).

■ Thus, § 546(b) is designed to preserve state legislation affording certain classes of secured or lien claims an exception to, or protection from the general rule of notice filing, "first in time, first in right." These favored lien claimants are thereby granted an opportunity to leapfrog back in time so that the consideration they furnished may not become a windfall for a supervening creditor.

■ Examples of such relation back provisions are found in RCW 60.04 (Mechanics and Materialmans Liens),[1] and RCW 62A.9–301(2), (Article 9 Uniform Commercial Code). RCW 60.04.050 clearly relates perfection back to the date of the commencement of the work etc. in order to cut off the rights of intervening liens, mortgages or other encumbrances. See discussion in *Jackson v. Flohr*, 227 F.2d 607, 611 (9th Cir.1955). The language of RCW 62A.9–301(2) is even more explicit:

> If the secured party files with respect to a purchase money security interest before or within twenty days after the debtor receives possession of the collateral, he takes priority over the rights of a transferee in bulk or a lien creditor which arise between the time the security interest attaches and the time of filing.

A purchase money security interest in collateral other than inventory is afforded similar priority over a conflicting security interest in the same collateral if perfection is completed within 20 days of the time that the debtor obtains possession of the collateral. RCW 62A.9–312(4).

### B. Analysis of Personal Property Tax Liens

#### 1.

■ Washington's personal property lien statute provides taxing authorities with three remedies for non-payment of personal property taxes, as recognized by Judge Finley's dissenting opinion in *Puget Sound Power & Light Co. v. Cowlitz County*, 38 Wash.2d 907, 234 P.2d 506, 507 (1951):

> If the only remedy of the taxing authority were to assert a lien on the property assessed ... it would be impossible ever to collect the tax due. For this reason, three remedies have been made available to the taxing authority in the event of non-payment of taxes on personal property: First, as with realty, enforcement of a statutory lien on the specific items of property charged; second, enforcement of a statutory lien on other personal property owned by the same taxpayer; and third, enforcement of a statutory lien on his real property, *supra.*, pp. 920–21, 234 P.2d 506.

Judge Finley's dissent was later adopted by the majority in *Air Base Housing, Inc. v. Spokane County*, 56 Wash.2d 642, 354 P.2d 903 (1960) which will be discussed below.

In this instance, King County is asserting its lien rights on the basis of the first remedy noted by Judge Finley—a statutory lien enforceable against the personal property being taxed. This lien is provided for in RCW 84.60.020, which reads:

> ... The taxes assessed upon each item of personal property assessed *shall be a lien upon such personal property*, except mobile homes as above provided *from and after the date upon which the same is listed with and valued by the county assessor*, and no sale or transfer of such personal property shall in any way affect the lien for taxes upon such

---

1. Other Washington lien statutes with relation back provisions are: RCW 60.08.030 (Chattel Liens), RCW 60.20.020 (Labor and Material Liens for Improving Property with Nursery Stock), and RCW 60.34.050 (Lien of Restaurant, Hotel, Tavern etc. Employees).

property. The taxes assessed upon personal property shall be a lien upon each item of personal property of the person assessed, distrained by the treasurer as provided in RCW 84.56.070, *from and after* the date of the distraint and no sale or transfer of such personal property so distrained shall in any way affect the lien for such taxes upon such property. The taxes assessed upon personal property shall be a lien upon the real property of the person assessed, selected by the county treasurer and designated and charged upon the tax rolls as provided in RCW 84.60.040, *from and after* the date of such selection and charge and no sale or transfer of such real property so selected and charged shall in any way affect the lien for such personal property taxes upon such property. (emphasis added)

Listing and assessment of property is provided for in RCW 84.40.020: "... [a]ll personal property in this state subject to taxation shall be listed and assessed every year with reference to its value and ownership on the first day of January of the year in which it was assessed...." Given the statutory definitions of "assessed valuation of taxable property," RCW 84.04.020, and "assessed value of property," RCW 84.04.-030, it would appear that the phrase "listed with and valued by the county assessor," is a term of art as used in RCW 84.60.020, based on a specific procedure provided for in the annual assessment process.

■ The plain language of RCW 84.60.-020 provides that it is only when personal property is listed and valued by the assessor that it becomes encumbered with a tax lien. The statute specifically states that the lien does not attach to the subject property, and is not perfected against said property, until "after" the property is listed and valued by the assessor. There is no provision for relation back as with the statutes cited relative to the U.C.C. Article 9 or mechanic's liens.

■ It is also clear under Washington's law that the owner of *personal* property is *personally* liable for taxes assessed,

whereas with real estate, taxes attach to the property and are not a personal obligation of the owner. *Air Base Housing, Inc. v. Spokane County, supra, Peoples's Water & Gas Co. v. City of Vancouver,* 106 F.2d 909 (9th Cir.1939). Thus, the only method whereby the taxing authority can obtain a lien on taxable personal property is to invoke and complete the statutory process. 11 U.S.C. § 546(b) can have no application in this instance since any right the county may have in personal property accrues only "from and after" the time the statutory process is completed.

Various cases have discussed and followed Judge Finley's dissent which alludes to the transitory nature of the personal property tax lien and the difficulty, if not impossibility, of enforcing it. For this reason there is great emphasis on the personal liability of the taxpayer and the alternatives for enforcement and distraint on other real and personal property of this debtor. These cases deal, for the most part, with litigation relating to whether the lien attached at a time when the subject property was exempt from taxation. *See Timber Traders, Inc. v. Johnston,* 87 Wash.2d 42, 548 P.2d 1080 (1976). While not directly in point, the cases indicate that the lien is prospective only, and that its application to third parties is questionable, see particularly discussion in *Air Base Housing, Inc., supra,* 56 Wash.2d, pp. 646, 647, 354 P.2d 903.

In summary, there is no statutory preclusion of retroactivity of the tax lien in the case of real estate because of its non-transitory character. In the case of personal property, however, taxation and a lien thereon are dependent on its existence and identification. Thus, the lien on personalty attaches "from and after" the listing and valuation process which is involved with specific property.

2.

King County also argues that its lien comes within the exception of § 546(b) by virtue of the superpriority granted under RCW 84.60.010 which provides:

All taxes and levies which may hereafter be lawfully imposed or assessed shall be and they are declared to be a lien respectively upon the real and personal property upon which they may hereafter imposed or assessed, which liens shall include all charges and expenses of and concerning the said taxes which, by the provisions of this title, are directed to be made. *The said lien shall have priority to and shall be fully paid and satisfied before any recognizance, mortgage, judgment, debt, obligation or responsibility to or with which said real and personal may become charged or liable* (emphasis added).

■ This argument assumes the result contended for by the county. Such a result, as indicated, cannot obtain because the foregoing language makes no reference to or provision for perfection of the lien by relation back as provided for mechanics or materialmen and secured creditors under state law.

King County has attempted to demonstrate that on some basis, under state law, it may escape the reach of § 362(a)(4), the automatic stay. Its problem has been aptly described as follows:

... Thus, the automatic stay operates to restrain unsecured post-petition creditors from improving their position against the trustee. Nevertheless, an exception is permitted under Code § 362(b)(3) where post-petition perfection would be effective under Code § 546(b), which permits perfection to be effective against the trustee, where applicable state law retroactively treats the perfection as having occurred prior to the filing of the petition. *Unless the pre-petition creditor can obtain retroactive perfection status under applicable state law, there appears to be no reason why such creditor would attempt an ineffective post-petition perfection.* 1 *Norton Bankruptcy Law and Practice* § 20.08, Part 20 pp. 9–10 (1981) (emphasis added).

The lien claimed by King County can have no retroactive effect because state law simply makes no provision for such

retroactivity and indeed precludes it. Therefore, post-petition perfection is not an issue. Under these circumstances, consideration of § 546(b), as permitted by 362(b)(3) is not relevant. The lien claimed by the county is asserted in violation of § 362(a)(4) and is not enforceable. *In Re Stack Steel & Supply Co., supra.*

3.

King County has cited no authority for the proposition that its post-petition perfection of the tax liens is a "passive" activity and therefore not in violation of the automatic stay. The county asserts that its lien rights accrue automatically by the operation of the statute and the performance of the assessor's routine functions. Indeed, the county's lien does fall within the Code definition of a "statutory lien"—a "... lien arising solely by force of a statute on specified circumstances or conditions ... 11 USC § 101(37)."

■ As indicated, the county has not provided persuasive precedent or rationalization as to its position that its lien, because of its "passive" genesis is not a violation of the stay. However, assuming *arguendo* that this position has some validity, 11 U.S.C. § 549 relating to post-bankruptcy transfers would then be applicable. Section 549, in pertinent part, provides:

... the trustee may avoid a transfer of property of the estate—

(1) that occurs after commencement of the case; and ...

(2)(B) that is not authorized under this title or by the court.

11 U.S.C. § 101(28) defines a "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(40) broadly defines "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property including retention of title as a security interest."

Thus the assertion of the lien as a post-bankruptcy transfer, devoid of any linkage with the prebankruptcy past, would be sub-

ject to invalidation under § 549 despite the "passive" creation of the lien.

### C. Bankruptcy Cases Relating to Tax Liens

The issue of post-bankruptcy assertion of a tax lien for prebankruptcy taxes by a municipality has received consideration in a number of bankruptcy cases. Among these is an in depth analysis by the Fourth Circuit in *Maryland National Bank v. The Mayor and City Council of Baltimore,* 723 F.2d 1138 (4th Cir.1983). Real estate taxes were involved in that case. The Court in an extensive analysis, similar in nature to Judge Finley's opinion in *The Puget Sound Power and Light* case, *supra* arrived at the conclusion that the lien for real estate taxes relates back. The *Maryland* case differentiated the lien for personal property taxes as follows:

> The mobility of personal property serves as the logical premise of the kind of argument embraced in *New England Carpet* and, at least implicitly, in *Geiger* [1 B.R. 680]. Because there is no assurance that the taxing authorities will, indeed, have the power to tax a given item of personal property in any given year, it is difficult to maintain the proposition that the City or State possessed a pre-existing interest in the property that only remained to be perfected after the petition in bankruptcy was filed.

> Where, however, immovable and ever-present real estate is at issue, the State's interest in the property for the purposes of real estate taxation is a very real and not-to-be-doubted interest that pre-exists a petition in bankruptcy. The imposition of the lien representing the taxes due for any given tax year is but the manifesta-

tion, or perfection, of that underlying interest.

This court previously referred to the language of § 546(b) wherein it stated that if there is "any generally applicable law that permits perfection of an interest in property" then the taxing agency may proceed to perfect. In the case of personal property, no interest therein can arise until identification of the property which occurs in the course of the assessment in the valuation process. Thus, the taxing agency by the nature of the process cannot have a pre-bankruptcy interest in the property as it does with real estate.[2]

The case factually closest to this matter is *In re New England Carpet Co., Inc.,* Bkrtcy. 26 B.R. 934 (D.Vt.1983). There, the court considered a Vermont statute which provided: "The filing of such notice shall thereby create and constitute a tax lien on such personal property therein described and shall have priority in law over any other lien having priority in time."

The court referred to this statute, making the distinction previously alluded to, differentiating between "perfection" and "creation":

> It is by the Code's explicit language that leads the Court to the conclusion that the perfection of an interest, and the creation of an interest are not congruent as applied to the automatic stay....

> It is also noted that the Vermont statute has been found to create no underlying lien or interest prior to the filing of notice. (Citing *Town of Bristol v. United States,* 315 F.Supp. 908, 911 (D.Vt.1970). *In Re New England Carpet, supra,* P. 939.

---

**2.** The *Maryland* case, *supra,* cited, *inter alia, In re Cummins,* 656 F.2d 1262 (9th Cir.1981). In that case, the trustee in a bankruptcy proceeding under § 67, the pre-code Bankruptcy Act analogue to § 545(2), was able to avoid a California personal property tax lien because the court concluded that "the lien could never be good against a [bona fide purchaser]." While that case may be distinguished because the California statute specifically provided for invalidity of the lien against bona fide purchasers, as previously indicated, it is likely where, as in this

case, the property is inventory and destined for sale to an innocent public, the courts of this state would not permit assertion of so silently pervasive a lien. (It should also be noted that RCW 84.36.477, effective January 1, 1984, provides that business inventories as defined in RCW 84.36.473 are exempt from property taxation.) Cases similar to *Cummins* are, *In re Continental Credit Corp.,* 1 B.R. 680 (Bkrtcy. ND Il.1979); and *In re Garden Inn Steak House, Inc.,* 22 B.R. 830, 9 B.C.D. 711 (1982 Bkrtcy. ND Ohio).

The *Bristol* case was cited to illustrate the fact that allowance of a lien under post-bankruptcy circumstances "would be to afford the local authorities an opportunity to attempt disguised priorities for older delinquent taxes in the form of liens that apply only in bankruptcy cases."

The foregoing cases illustrate, given the variations in the statutes involved, that the personal property tax liens concerned which come into being after bankruptcy, do not fall into one of the exceptions of § 546(b).

## CONCLUSION

Since there cannot be a lien without identification of the property to which it attaches, and since such identification is implicit in the assessment and valuation process, the personal property tax lien is created as a result of and at the time the process is completed. The procedure is based on information furnished by the taxpayer-owner against whom the tax is assessed. From the assessment date forward, there is personal liability on the part of the owner as well as a lien against the property (as distinguished from real estate which is solely answerable for the tax). Personal property is of a transitory nature, subject to transfer and removal or destruction. The personal property tax statute therefore authorizes alternative remedies which, based on the taxpayer's ongoing personal liability, may be asserted in the form of distraints on other property, real and personal, owned by the taxpayer.

The personal property tax statutes of this state provide for a lien which is effective from and after completion of the process creating that lien. The tax lien is not within any class of perfectible liens permitted by the laws of this state and is therefore not retroactive.

The exception to the automatic stay of § 362(a)(4) provided for by reference to § 546(b) in § 362(b)(3) is not available to King County. The trustee is therefore entitled to judgment as a matter of law, Fed. R.Civ.P. 56(c) & (d); it is therefore

ORDERED, ADJUDGED, AND DE-CREED that the lien for taxes claimed herein by King County be and it hereby is held and declared to be invalid.